UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-86 (DSD/TNL)
Criminal No. 12-274 (DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>WILLIAM ROY ST. JOHN, )<br> )<br>   Defendant. ) | **POSITION OF THE UNITED STATES REGARDING SENTENCING** |

The United States of America, by and through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Assistant U.S. Attorney Andrew Dunne, hereby submits the following Position Regarding Sentencing in the above captioned matter.

**A.     Procedural Posture.**

On December 5, 2012, the defendant appeared before this Court and pled guilty to separate counts of bank robbery of two banks located in the District of Minnesota in violation of 18 U.S.C. § 2113(a) related to Criminal No. 12-86 (DSD/TNL) and one count of bank robbery of a bank located in the District of North Dakota in violation of 18 U.S.C. § 2113(a) related to Criminal No. 12-274 (DSD).

The U.S. Probation Office has submitted a final Pre-Sentence Report (PSR) in this matter. The United States has no objections to the factual findings and sentencing guideline calculations set forth in the PSR.

B.     **The Applicable Guideline Range.**

    1.     **Base Offense Level.**

The Government agrees with the PSR that, pursuant to U.S.S.G. § 4B1.1(b)(3), the Base Offense Level for a Career Offender who is convicted of a violation of 18 U.S.C. § 2113(a) is level 32. *See* PSR, ¶62.

    2.     **Acceptance of Responsibility.**

The Government agrees with the PSR that, pursuant to U.S.S.G. § 3E1.1(a), a 3-level reduction for acceptance of responsibility is applicable because the defendant pled guilty and accepted responsibility for his criminal conduct. *See* PSR, ¶ 60.

    3.     **Criminal History Category.**

The Government agrees with the PSR that the defendant's Criminal History Category (CHC) is category VI. *See* PSR, ¶97. The defendant has a total of 22 criminal history points which places him in a CHC VI. Moreover, pursuant to U.S.S.G. §4B1.1, a Career Offender's CHC in every case shall be category VI. *Id.*

    4.     **Applicable Guideline Range.**

The Government submits that based upon a CHC VI, and a total offense level of 29, the applicable guideline range of imprisonment should be 151-188 months. *See* PSR, ¶ 169. The statutory maximum term of imprisonment, pursuant to 18 U.S.C. § 2113(a), as to each count of conviction is twenty (20) years. *See* PSR, ¶ 168.

    **5.**    **Restitution.**

The Government agrees with the PSR that the full amount of restitution in the amount of $11,437.00 is required in this matter. *See* PSR, ¶ 18. Restitution in this case should be ordered in the following manner:

    $2,107 to Bank of the West, 3203 32nd Avenue South, Fargo, ND 58103;

    $3,810 to U.S. Bank, 9633 Lyndale Avenue South, Bloomington, MN 55420; and

    $5,520 to Wells Fargo Bank, 1220 West County Road E, Arden Hills, MN 55112.

**C.**    **18 U.S.C. § 3553(a) Sentencing Factors**

The sentencing factors set forth in 18 U.S.C. § 3553(a) justify a sentence within the applicable guideline range of imprisonment. The Sentencing Guidelines constitute a starting point for determining a reasonable sentence. When conducting sentencing, this Court must calculate the applicable guideline range, treating the Sentencing Guidelines as advisory and not presumptively reasonable, consider the Section 3553(a) factors, and explain the chosen sentence. Gall v. United States, 552 U.S. 38, 51 (2007).

Under 18 U.S.C. § 3553(a), the Court should impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in Section 3553(a)(2). The Court should consider various factors in determining the particular sentence, including the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [¶] (2) the need for the sentence imposed –- [¶] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [¶] (B) to afford adequate deterrence to criminal conduct; [¶] (C) to protect the public from

> further crimes of the defendant; . . . [¶] (4) the kinds of sentences and the sentencing range established [in the Sentencing Guidelines]; . . . [¶] [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a).

Here, an analysis of the above Section 3553(a) sentencing factors warrants a sentence within the applicable guideline range of imprisonment as both reasonable and appropriate for the defendant in this case. On December 13, 2011, the defendant was released by the BOP and commenced a term of supervised release in the District of North Dakota in connection with convictions for theft of property, possession of a firearm by a convicted felon, and transportation of a stolen vehicle. *See* PSR, ¶ 6. Almost immediately, the defendant absconded from federal supervision and commenced a two week violent crime spree that spanned three different states.

On December 29, 2011, the defendant robbed a gas station/convenience store located in Sisseton, South Dakota by threatening the victim stating he had a gun in his pocket. *See* PSR, ¶ 108. Two days later, on December 31, 2011, the defendant robbed the Bank of the West located in Fargo, North Dakota by threatening to shoot the victim teller. *See* PSR, ¶ 7. Following this bank robbery, the defendant stole a 1996 Oldsmobile and fled to Minnesota. *See* PSR, ¶ 8.

Once in Minnesota, the defendant robbed the U.S. Bank located in Bloomington, MN on January 2, 2012. *See* PSR, ¶ 8. Once again, the defendant stuck his hand in his jacket as though he was holding a gun and threatened to shoot the victim teller. *Id.* Two

4

days later, on January 4, 2012, the defendant robbed the Wells Fargo Bank located in Arden Hills, MN. *See* PSR, ¶ 8.  As he did before, the defendant threatened to kill the victim teller by stating he had a gun and would shoot her if she pushed any alarms or gave him a dye pack. *Id.*

On January 7, 2012, the defendant was arrested by the Bloomington Police Department in Bloomington, MN following a 28-minute crime spree that included a carjacking and three home invasion robberies.  *See* PSR, ¶ 11.   During each of these violent crimes, the defendant threatened to kill the victims, including young children and elderly women.  Defendant was charged in Hennepin County with multiple counts of aggravated robbery, burglary and kidnapping.  The defendant subsequently pled guilty to first degree aggravated robbery in Hennepin County District Court and was sentenced to 240 months imprisonment. *See* PSR, ¶ 94.

The defendant has a significant criminal history dating back to 1985 that includes prior violent felony convictions for burglary, assault, robbery, escape and firearms violations. *See* PSR, ¶ ¶ 74-94.  He has amassed a total of 22 criminal history points placing him in the highest Criminal History Category under the federal Sentencing Guidelines and qualifies as a Career Offender pursuant to U.S.S.G. § 4B1.1(a).  In sum, the defendant is a lifelong violent criminal who presents a significant danger to the public.  He has not been rehabilitated despite spending much of his adult life in various state and federal institutions.  Accordingly, pursuant to 18 U.S.C. § 3553(a)(2)(C), the

Court needs to impose the longest sentence possible in order to "to protect the public from further crimes" committed by the defendant in the future.

## CONCLUSION

Based upon all of the above, the Government respectfully submits that with a Criminal History Category VI, and a total offense level of 29, the applicable guideline range of imprisonment should be 151-188 months.

Respectfully submitted,

Dated:  June 21, 2013

B. TODD JONES
United States Attorney

*s/ Andrew Dunne*

BY:  ANDREW DUNNE
Assistant U.S. Attorney
Attorney ID No. 175195